98    237
r197s    9
98    237
e106   288

# National Masonic Accident Association v. Georgianna A. Terwilliger.

1.  ACCIDENT INSURANCE—*Where the Death of the Insured Does Not Occur Through Any of the Contingencies Insured Against.*—Where a person is insured in an accident association, in a by-law of which it is provided that "no benefit shall accrue or be paid for any death or disability happening directly or indirectly, wholly or in part, because of, or resulting from, entering, leaving or attempting to enter or leave a moving conveyance using steam or electricity as a motive power," and the evidence shows that in attempting to enter a train on the Chicago & Northwestern Railroad, he took hold of the hand-rails to raise himself into the car at about the time the train started, and after holding on for about two blocks he relaxed his hold, fell to the track and was killed, *it was held* he could not recover.

Assumpsit, on a policy of accident insurance. Appeal from the Circuit Court of Kane County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the April term, 1901. Reversed, with a finding of facts, Mr. Justice WATERMAN dissenting. Opinion filed October 8, 1901.

HOLMES, LYNN & SHIRRA, attorneys for appellant.

A. B. ST. JOHN, D. W. C. MERRIAM and HARRY G. HEMPSTEAD, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit by Georgianna A. Terwilliger, as beneficiary named in the certificate of membership of Jeremiah M. Terwilliger, in the National Masonic Accident Association of Des Moines, Iowa, to recover the amount of the insurance therein made payable to her upon his death. The certificate or policy provided for the payment of the sum of $5,000 to the beneficiary in the event of the death of the insured, occasioned by injury received while the certificate was in force, and directly caused by external, violent and accidental means, which alone, independently of all other causes, occasioned the death within ninety days from the date of said injury. On the evening of May 16, 1898, the deceased, while returning from a Masonic lodge in company with a friend, Walter Chadband, attempted to board a suburban train of the Chicago & Northwestern Railway Company at Ravenswood station, to go to his home at Ravenswood Park. The railway had double tracks at that station, the south-bound train using the east track and the north-bound train the west track. There was a platform at each of the tracks, and the two were connected by a board walk crossing both tracks. Terwilliger and his companion entered the station grounds on the east side, intending to take the train going north on the west track. They arrived at the station grounds just about the time the train was due. Chadband, who was the more active man, crossed the tracks to the platform on the west side and, as the train stopped, got upon the rear platform of the rear car. He called to Terwilliger, who was on the

east platform, "Don't hurry; you have plenty of time." Terwilliger did not reach the platform, which was on the west side of the car, but attempted to board the car from the east side thereof, where there was no station platform. He took hold of the hand-rails to raise himself into the car, and about the same time the train started.   He did not release his grasp on the rails, and Chadband attempted to assist him onto the train.   After holding on for about two blocks, Terwilliger relaxed his hold and fell to the track. His head struck the roadbed or rail and he was almost instantly killed.   At the time of his death the beneficiary certificate held by him was in full force.

This suit was commenced by appellee July 1, 1899.   At the February term, 1900, of the Circuit Court of Kane County, there was a trial by jury and a verdict in favor of appellee for $5,151.40, which, upon motion of appellant, was set aside by the court and a new trial granted.   Afterward, at the following November term of said court, there was another trial, which resulted in a verdict in favor of appellee for $5,357.64, for which amount, a motion for new trial having been overruled, the court entered judgment.

Appellant claims that appellee failed to properly give the written notice of the death of the assured, required by the by-laws to be given within ten days, and to make proper proof of his death, in like manner required to be made within thirty days after the death occurred.   Even if such notice was not so given and such proof so made, the evidence shows they were waived by the action of appellant.

The main contention of appellant, however, is that the death of the assured did not occur through any of the contingencies insured against.   By section 10 of the by-laws it is provided "that no benefit shall accrue or be paid * * * for any death or disability happening directly or indirectly, wholly or in part, because of or resulting from * * * entering, leaving or attempting to enter or leave a moving conveyance using steam or electricity as motive power."

It was an important question whether assured took hold

of the hand-rails of the car just before or just after the car started. The only eye witness was Chadband. The evidence he gave before the coroner, as written down by and under the direction of that officer and signed by Chadband, was that Terwilliger "came to the coach after it had started and caught hold of the hand-rail." His testimony at this trial and at a former trial of this case in the Circuit Court, was that deceased took hold of the hand-rails just before the train started; that he could not be positive how long it was before but that "it evidently was pretty close," and that deceased did not get his foot on the lower step of the car. He explains the discrepancy in his testimony by saying, at the time of the inquest he was very nervous and had been up all night; that he did not read the evidence he signed, thought it was not read to him and did not remember what he testified on that subject. The evidence being conflicting, we assume the jury found and were warranted in finding that state of facts to exist which appellee insists is most favorable to a recovery, namely, that deceased took hold of the hand-rails just before the train started. We can not, however, agree to the contention of appellee that if the deceased got hold of the hand-rails before the train started the case does not come within the limitations prescribed by the section of the by-laws last referred to. Even if deceased had reached the train and taken hold of the hand-rails before it started, still it seems to us not to admit of dispute that the injury occurred by reason of the fact that after the train started he continued his effort to enter the moving conveyance. The death, therefore, was caused in a manner falling within the exception provided for by the by-laws, and appellant can not be held liable upon its certificate. As there have been two trials, and as Chadband, who was the only witness to the accident, was a witness in both, we must presume all proof on the subject has been produced. There is no conflict in the testimony except as to whether the train had started before Terwilliger took hold of the hand-rails, and we

therefore think that no useful purpose can be served by remanding the case. The judgment of the court below is accordingly reversed.

**Finding of facts** to be incorporated in the judgment:

We find from the evidence that deceased reached the car and took hold of the hand-rails on the rear end of the rear car and attempted to enter it just before it started; that he was killed while and because of continuing his attempts to enter said car after it had started; that said car was propelled by steam and that under section 10 of the by-laws of appellant, which was part of the contract between Jeremiah M. Terwilliger, the deceased, and appellant, the latter was not liable to pay any benefits to the beneficiary by reason of the death thus caused.

Mr. Justice WATERMAN dissents.